UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              Plaintiff,

                                              CRIMINAL CASE NO. 05-50084

v.

ERIC DEWAYNE KIMBROUGH,            HONORABLE SEAN F. COX
                                                   U.S. DISTRICT COURT
                               Defendant.
_____/

## ORDER ON DEFENDANT'S SENTENCING OBJECTIONS

At his trial, Defendant Eric Dewayne Kimbrough was found not guilty of possession with intent to distribute 5 grams or more of cocaine base, but was found guilty of the lesser included charge of simple possession of 5 grams or more of cocaine base. Now before the Court is the issue of Defendant's sentencing.

The parties first submitted one set of sentencing memoranda in August 2008. A sentencing hearing was held on August 19, 2008. At the hearing, Defendant raised several issues regarding the sentencing. The Court ordered the parties to file supplemental briefs on the raised issues. The parties filed supplemental briefs and another sentencing hearing has been set for Monday, November 24, at 2:00 p.m. in Detroit, Michigan.

Defendant makes several objections to the Pre Sentence Investigation Report which the Court now addresses.

       **I.**      **Whether the guidelines for "crack" cocaine or powder cocaine should apply**

Defendant argues that the higher guidelines for "crack" should not apply. Defendant's argument rests on (1) the fact that not all cocaine base is "crack" cocaine because cocaine base can

also be coca paste; and (2) the fact that the lab report on the drugs in the offense stated that the substance was "cocaine base" and did not state specifically that the drugs were "crack." Consequently, Defendant asserts that there is an ambiguity in the current case as to whether the drugs in the offense were "crack" or a non-crack substance like coca paste, and that this ambiguity should be resolved in favor of Defendant by sentencing with the lower guidelines for simple powder cocaine.

This objection is without merit. Even though the lab report only states that the substance was cocaine base, and fails to specify that the substance was "crack," a preponderance of the evidence indicates that the substance was "crack" and not some other non-crack substance like coca paste. Multiple officers testified at trial and at various evidentiary hearings held before the Court that the substance seized was "crack." *See, e.g.*, Testimony of Ryan Pennell (Oct. 30, 2006 Hearing); Testimony of Matt Rice (Dec. 6, 2006 Hearing). The very same substance admitted into evidence in trial was lumpy and rocklike, which are the characteristics of "crack" cocaine as opposed to other non-crack versions of cocaine base such as coca paste. Finally, at trial, counsel for Defendant conceded that the substance was crack cocaine in both opening statements and closing arguments. In short, there is plenty of indication that the substance in the offense was crack cocaine. The Court finds that a preponderance of the evidence supports the fact that the substance was "crack" cocaine. Accordingly, Defendant's objections on this issue are overruled.

**II. Whether there should be a two-level reduction for acceptance of responsibility**

Defendant argues that the Court should grant a two-level reduction for acceptance of responsibility. USSG § 3E1.1 permits a reduction if "the defendant clearly demonstrates acceptance of responsibility for his offense." Defendant argues that he accepted responsibility due to the fact

that counsel for Defendant, during opening statements and closing arguments, admitted that Defendant possessed the cocaine.

This objection is also without merit. Defendant has never made a truthful admission of guilt on his own, Defendant did not testify at trial about his guilt, and Defendant has fought his conviction on both the charged offense (possession with intent to distribute) and the lesser offense (simple possession) at every stage of the legal proceedings.

Furthermore, a comment to the relevant sentencing guideline states the following: "[A] determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *See* USSG § 3E1.1, cmt. n. 2. Here, Defendant has shown no pre-trial conduct that indicates a willingness to accept responsibility. On the contrary, Defendant has contested his guilt through numerous pre-trial motions and by pursuing this case to trial. Accordingly, Defendant's objections on this issue are overruled and the Court finds that Defendant should not receive a two-level reduction for acceptance of responsibility

**III. Whether there should be a two-level enhancement for possession of a firearm**

Defendant objects to the firearm enhancement. Pursuant to USSG § 2D1.1(b)(1), there is a two-level enhancement if a firearm "was possessed" during the commission of a drug offense. In this case, the police found crack cocaine in Defendant's kitchen. Defendant then lead the police to a loaded shotgun which was hidden in the basement rafters. The Government argues that Defendant had dominion and control over the premises where the firearm and the controlled substances were found, and thus, Defendant had constructive possession of the firearm.

The rule on constructive possession for purposes of sentencing is the following:

> The Guidelines instruct a court to add two points to a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The enhancement applies whether a defendant actually or constructively possessed the weapon. *See United States v. Hough*, 276 F.3d 884, 894 (6th Cir. 2002). A defendant constructively possesses a gun if he has "'ownership, or dominion or control over the [firearm] itself, or dominion over the premises where the [firearm] is located.'" Id. (alterations in original) (quoting *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir.1991)).

*United States v. Galvan*, 453 F.3d 738, 742 (6th Cir. 2006). "Further, this enhancement 'should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.' U.S.S.G. § 2D1.1, cmt. n.3 (emphasis added)." *United States v. Ward*, 506 F.3d 468, 474-475 (6th Cir. 2007). In the Guidelines, comment note 3 gives as an example of "clearly improbable": "the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1, cmt. n.3.

In response, Defendant raises the cases of *United States v. Mackey*, 265 F.3d 457 (6th Cir. 2001) and *Bailey v. United States*, 516 U.S. 137 (1995), and argues that the firearm must be used "in furtherance" of the offense and that mere constructive possession does not suffice. Defendant's cases, however, are not relevant; the cases cited by Defendant involve convictions under 18 U.S.C. § 924(c) which are offenses of possession of a firearm in furtherance of a drug trafficking crime. In the current case, Defendant was not found guilty of a crime under 18 U.S.C. § 924(c); instead, Defendant was found guilty of a possession of cocaine. Thus, the discussion in the cited cases of whether the firearm was "in furtherance" of the offense is irrelevant to the current issue before the Court at sentencing.

Here, the shotgun was loaded and, though it was not in the immediate vicinity of the cocaine

found in the kitchen, Defendant knew where the shotgun was located and had easy access to it. Defendant certainly had dominion over the premises where the shotgun was located, and thus had constructive possession of it. Based on the particular circumstances of the case, the Court finds that the current situation is unlike the unloaded hunting rifle example in the Guidelines and that it is not "clearly improbable" that the shotgun was connected with the possession of cocaine. Accordingly, Defendant's objections on this issue are overruled and the Court finds that the two-level enhancement for possession of a firearm should be imposed.

Defendant has also argued that he should receive a downward departure. The Court will rule on this issue at the sentencing hearing.

**SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

Dated: November 24, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 24, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager